1

2

3

4

5

6                               UNITED STATES DISTRICT COURT

7                                      DISTRICT OF NEVADA

8                                              * * *
                                                 )
9    BATTLE MOUNTAIN BAND of the TE-              )
     MOAK TRIBE of WESTERN SHOSHONE              )
10   INDIANS,                                    )          3:16-CV-0268-LRH-WGC
                                                 )
11                     Plaintiff,                )
                                                 )
12   v.                                          )          ORDER
                                                 )
13   UNITED STATES BUREAU OF LAND                )
     MANAGEMENT, and JILL C. SILVEY,             )
14                                               )
                       Defendants.               )
15   _____        )

16          Before the court is plaintiff the Battle Mountain Band of the Te-Moak Tribe of Western

17   Shoshone Indians' ("Battle Mountain Band") motion to seal. ECF No. 3. In its motion, the Battle

18   Mountain Band seeks to seal its civil cover sheet (ECF No. 1), its complaint (ECF No. 2), the

19   present motion to seal (ECF No. 3), and its motion for a temporary restraining order (ECF No. 4).

20          As an initial matter, the court is acutely cognizant of the presumption in favor of public

21   access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.

22   1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that

23   presumption by showing that the materials are covered by an operative protective order and are also

24   deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th

25   Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual

26   findings that outweigh the general history of access and the public policies favoring disclosure."

1  *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations
2  omitted).

3      Here, the Battle Mountain Band seeks to seal the aforementioned documents because the
4  documents and exhibits contain the specific location of traditional cultural property ("TCP") that
5  contains sacred and spiritual features of significant cultural significance to the Battle Mountain
6  Band. The Battle Mountain Band argues that public disclosure of the locations of this land through
7  the filing of public, non-sealed documents, would cause desecration of the lands due to public
8  intrusion and cause a severe loss to its culture. The Battle Mountain Band contends that the
9  location of the land should be held confidential as similar properties, once becoming public
10  knowledge, have historically been raided by looters and collectors of tribal artifacts and unique
11  cultural and spiritual resources. The court agrees. Therefore, the court finds that the Battle
12  Mountain Band has satisfied its burden to show compelling reasons for filing the various pleadings
13  under seal. Accordingly, the court shall grant the Battle Mountain Band's motion to seal these
14  documents.

15      However, the court shall require the Battle Mountain Band to file redacted copies of its
16  complaint (ECF No. 2), motion to seal (ECF No. 3), and motion for a temporary restraining order
17  (ECF No. 4) with the court within five (5) days from entry of this order. The redacted documents
18  shall redact only that information that contains the identified location of the traditional cultural
19  property and other similar information that should remain confidential. Further, all future
20  documents filed in this action that the Battle Mountain Band believes should be filed under seal
21  shall be filed in the following manner: a redacted copy of the document filed publically, an
22  unredacted copy of the document filed under seal, and a related motion to seal the unredacted copy
23  of the document identifying why the document should remain sealed. Moreover, the Battle
24  Mountain Band shall serve full unredacted copies of all documents currently filed in this action on
25  the defendants in this action, including a copy of this order, as well as full unredacted copies of any
26  future filings in this action.

IT IS THEREFORE ORDERED that plaintiff's motion to seal (ECF No. 3) is GRANTED in accordance with this order. Plaintiff's civil cover sheet (ECF No. 1), complaint (ECF No. 2), motion to seal (ECF No. 3), and motion for a temporary restraining order (ECF No. 4) shall remain sealed.

IT IS FURTHER ORDERED that all future documents filed in this action that either party believes should be filed under seal shall be filed in the following manner: (1) a redacted copy of the document filed publically, (2) an unredacted copy of the document filed under seal, and (3) a related motion to seal the unredacted copy of the document identifying why the document should remain sealed.

IT IS FURTHER ORDERED that plaintiff shall serve full unredacted copies of all documents currently filed in this action, including a copy of this order, on the defendants.

IT IS SO ORDERED.

DATED this 20th day of May, 2016.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3