```
                    UNITED STATES DISTRICT COURT

                          DISTRICT OF NEVADA

                                 * * *
```

| | |
|---|---|
| BATTLE MOUNTAIN BAND of the TE-MOAK TRIBE of WESTERN SHOSHONE INDIANS,  )<br>)<br>)<br>) | 3:16-CV-0268-LRH-WGC |
| Plaintiff, ) ) | ORDER |
| v. ) ) | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, and JILL C. SILVEY, ) ) ) | |
| Defendants. ) ) | |

Before the court is plaintiff the Battle Mountain Band of the Te-Moak Tribe of Western Shoshone Indians' ("Battle Mountain Band") motion for a temporary restraining order. ECF No. 4. At this time, defendants the United States Bureau of Land Management ("BLM") and Jill C. Silvey ("Silvey"), district manager of the BLM in Elko, Nevada, have not been served with either the present motion for a temporary restraining order or the underlying complaint.

Pursuant to Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

///

Here, after reviewing the documents and pleadings on file in this matter, the court finds that the Battle Mountain Band has not satisfied the requirements for issuance of a temporary restraining order without notice under Rule 65. The Battle Mountain Band has not filed a verified complaint in this action (*See* ECF No. 1.), nor has it filed any affidavit in support of the present motion that establishes an immediate and irreparable injury, loss, or damage that would result before the defendants could be heard on this issue as required by Rule 65(b)(1)(A). Further, nowhere in the present motion does the Battle Mountain Band mention any attempt to provide notice to the defendants or identify any reasons why notice should not be required in this particular action as required by Rule 65(b)(1)(B). Therefore, the court finds that defendants are not entitled to the issuance of a temporary restraining order without notice.

However, upon service of the present motion and the underlying complaint on the defendants, as established by the filing of a notice of service with the court, the court shall treat the present motion as a motion for a preliminary injunction pursuant to Rule 65(a) and set an expedited hearing on the motion upon input from the parties after they have conferred concerning a reasonable expedited briefing schedule and availability.

Once the parties have conferred and determined a reasonable expedited briefing schedule, the parties shall contact Dionna Negrete, the courtroom deputy, at (775) 686-5829, to discuss setting a hearing on the motion before the court.

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (ECF No. 4) is DENIED without prejudice in accordance with this order.

IT IS SO ORDERED.

DATED this 20th day of May, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE