JOHN C. CRUDEN
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

PETER KRYN DYKEMA (D.C. Bar # 419349)
KRISTOFOR SWANSON (Colo. Bar # 39378)
ADAM M. BEAN (Ariz. Bar # 032449)
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
PO Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0436
Facsimile: (202) 305-0506
Peter.Dykema@usdoj.gov
Kristofor.Swanson@usdoj.gov
Adam.Bean@usdoj.gov

*Attorneys for Defendants*
U.S. Bureau of Land Management
and Jill C. Silvey

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| BATTLE MOUNTAIN BAND of the TE-MOAK TRIBE of WESTERN SHOSHONE INDIANS, | |
| Plaintiff, | 3:16-cv-00268-LRH-WGC |
| v. | **FEDERAL DEFENDANTS' RESPONSE TO CARLIN RESOURCES, LLC'S MOTION TO INTERVENE** |
| UNITED STATES BUREAU OF LAND MANAGEMENT and JILL C. SILVEY, in her official capacity as Bureau of Land Management Elko District Manager, | |
| Defendants. | |

**Introduction**

Carlin Resources, Inc. ("Carlin") has moved to intervene in the above-captioned case pursuant to Rule 24(a) or, in the alternative, Rule 24(b), of the Federal Rules of Civil Procedure. ECF No. 20. The United States Bureau of Land Management ("BLM") and Jill C. Silvey ("Federal Defendants") hereby respond to Carlin's motion. Federal Defendants are not opposed to Carlin's intervention in this case under Rule 24(b). However, because Federal Defendants can adequately defend the federal actions at issue in this case, intervention under Rule 24(a) would not be appropriate.

**Analysis**

**A. Intervention of Right under Rule 24(a).**

Federal Defendants are opposed to Carlin's motion to intervene as of right under FRCP 24(a). A court must allow intervention, upon a timely motion, by any party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit applies a four-part test to determine whether a party can intervene as of right pursuant to Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

All four parts of the test must be met for intervention as of right. *Wilderness Soc'y*, 630 F.3d at 1177. While Federal Defendants do not dispute that the motion to intervene is timely, Federal Defendants disagree with Carlin's contention that their claimed interests are not

adequately represented by the existing parties.  ECF No. 20, at 10.  When the proposed intervenor shares the same ultimate objective as a federal defendant, it is presumed that the federal defendant will adequately represent the proposed intervenor's interests.  *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  Here, Carlin and Federal Defendants share an interest in carrying out the Power Line project in compliance with Section 106 of the National Historic Preservation Act and its implementing regulations.  Ultimately, the question here is whether Federal Defendants can adequately defend the BLM's actions in this case.  Acting as a land manager, Federal Defendants are well suited to defend the interests at stake.  Because Federal Defendants can adequately represent the interests at issue here regarding compliance with the NHPA as it relates to the Power Line project, intervention as of right is not appropriate.

**B. Permissive Intervention under FRCP 24(b).**

The Federal Defendants are not opposed to Carlin's permissive intervention under Rule 24(b).

**Conclusion**

In sum, Federal Defendants are not opposed to Carlin's motion to intervene.  But if Carlin's motion to intervene in this case is granted, Federal Defendants request that the Court's grant of intervention be limited to Rule 24(b), because Federal Defendants are able to adequately defend the BLM's compliance with the National Historic Preservation Act, making intervention under FRCP 24(a) inappropriate.

Respectfully submitted May 31, 2016,

JOHN C. CRUDEN
Assistant Attorney General

*s/ Adam M. Bean*
ADAM M. BEAN
KRISTOFOR SWANSON
PETER KRYN DYKEMA
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice

3

601 D. Street, NW
Washington, D.C.  20004
Ph:  (202) 616-5082
Fx: (202) 305-0506
Peter.Dykema@usdoj.gov
Kristofor.Swanson@usdoj.gov
Adam.Bean@usdoj.gov

*Attorneys for Federal Defendants*
U.S. Bureau of Land Management and
Jill C. Silvey

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **FEDERAL DEFENDANTS' RESPONSE TO CARLIN RESOURCES, LLC'S MOTION TO INTERVENE** has been made through the Court's CM/ECF electronic filing and notification system on all system participants this 31st day of May, 2016.

/s/ Adam M. Bean
Adam M. Bean