UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BATTLE MOUNTAIN BAND of the TE-MOAK TRIBE of WESTERN SHOSHONE INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, and JILL C. SILVEY,<br><br>Defendants. | 3:16-CV-0268-LRH-WGC<br><br>ORDER |

Before the court is plaintiff the Battle Mountain Band of the Te-Moak Tribe of Western Shoshone Indians' ("Battle Mountain Band" or "the Band") motion for a temporary restraining order (ECF No. 12) which the court has converted to a motion for a preliminary injunction (*See* ECF No. 27). Intervenor Carlin Resources, Inc. ("Carlin") (ECF No. 38) and defendants the United States Bureau of Land Management ("BLM") and Jill C. Silvey, the District Manager for the BLM for Elko, Nevada (collectively "federal defendants") (ECF No. 39) filed oppositions to the Band's motion to which the Band replied (ECF No. 51). On June 2, 2016, the court held a hearing on the Band's motion. ECF No. 58.

The court has reviewed the briefs and exhibits on file in this matter, along with the evidence presented at trial and the oral arguments of the parties, and finds that the the issues before the court as presented in the Band's motion and the parties' subsequent briefing involve extensive factual and legal analysis by the court in order for the court to properly address the Band's motion on the

1  merits. However, the court is acutely cognizant of the time sensitive nature of this action and the
2  proposed power line construction project that was scheduled to begin two weeks ago on May 23,
3  2016. Accordingly, the court issues this brief order to address the Battle Mountain Band's motion.
4          In the Band's motion, the Band seeks an injunction precluding the BLM from authorizing
5  intervenor Carlin's construction of a power line along an existing roadway in order to begin a
6  mining operation. The Band seeks an injunction claiming that it is likely to succeed on the claims
7  alleged in its complaint (ECF No. 2) under the National Historic Preservation Act ("NHPA") and
8  the Religious Freedom Restoration Act ("RFRA"). *See* ECF No. 12. In brief, the court finds that the
9  Battle Mountain Band has not made a showing that it is likely to succeed on its claims under the
10 NHPA and RFRA sufficient to warrant a preliminary injunction in this matter. Specifically, the
11 court finds that the April 2016 decision by the BLM - determining that the specific traditional
12 cultural property at issue in this action is now eligible for inclusion on the National Register of
13 Historic Places - does not constitute the discovery of a previously unidentified property triggering a
14 new Section 106 process under the NHPA. *See Apache Survival Coalition v. United States*, 21 F.3d
15 895, 911 (9th Cir. 1994); 36 C.F.R. § 800.13. Further, analyzing the remaining preliminary
16 injunction factors identified by the Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 129
17 S. Ct. 365 (2008), the court finds that these factors do not weigh so far in the Band's favor to
18 overcome the lack of a success on the merits. Therefore, the court shall deny the Band's motion for
19 a preliminary injunction. A supplemental order addressing the entirety of the parties' arguments,
20 including additional defenses and the full merits of the Band's motion is forthcoming.
21         IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order
22 (ECF No. 12) is DENIED.
23         IT IS SO ORDERED.
24         DATED this 3rd day of June, 2016.
25                                              _____
                                                LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE
26